| | |
|---|---|
| MELISSA FEHLING, )<br>)<br>         Plaintiff, )<br>)<br>-against- )<br>)<br>)<br>PRI PRODUCTIONS, Inc. )<br>)<br>         Defendant. )<br>_____) | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

forPlaintiff Melissa Fehling (herein "Plaintiff" or "Ms. Fehling by and through her attorneys, the Law Office of Christine A. Rodriguez, files this Complaint damages and other relief, against Defendant PRI Productions, Inc. him (herein "Defendant" or "PRI") and alleges as follows:

## INTRODUCITON AND NATURE OF CASE

1.     Defendant unlawfully discriminated and retaliated against Ms. Fehling because of her gender and a disability that the Defendant failed to accommodate, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA"), the Americans with Disabilities Act Amendments Act of 2008 ("ADAA"), the North Carolina Equal Employment Practices Act, NC 6.S. 143-422.2, et seq, against North Carolina State Public Policy and all other applicable federal, state and local statutes.

1

2. PRI discriminated against Plaintiff when it insisted that she only required to weeks of maternity leave as opposed to the 6 weeks she was entitled to pursuant to company policy and the Family Medical Leave Act ("FMLA"); upon her return from FMLA leave, PRI summarily denied Plaintiff's request for a reasonable accommodation request of a disability for a limited amount of time, while allowing other employees the same accommodation even without a disability, and the Defendant failed to engage in the interactive process to determine a suitable accommodation that would allow Plaintiff to return to work, as they are required to do pursuant to the ADA and North Carolina state law and; the Defendant retaliated against the Plaintiff for requesting an accommodation and summarily denying that accommodation when it terminated her employment on November 18, 2019.

3. As a result of Defendant's unlawful discriminatory employment practices in violation of Title VII, the ADA, North Carolina state law, Public Policy and all other applicable federal, state and local statutes, Plaintiff has suffered and continues to suffer irreparable injury; monetary damages; and damages for mental anguish and humiliation.

## PARTIES, JURISDICTION, AND VENUE

4. Ms. Fehling is a woman, who resides in Asheville, North Carolina and is a citizen of the United States.

5. Ms. Fehling was employed by the Defendant from May 2018 to November 2019. Plaintiff worked at the Asheville, North Carolina location.

6. Defendant is a corporation formed under laws of the State of Florida with its principal place of business in Jacksonville, Florida.

2

7. At all times relevant to the claims herein, Defendant has offices throughout the State of North Carolina, including Asheville, North Carolina where Ms. Fehling was employed.

8. During all relevant times, Defendant was Ms. Fehling's employer within the meaning of all applicable statues.

9. At all times relevant, Defendant employed more than fifty (50) people.

10. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-(f)(3), because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

11. This Court has supplemental jurisdiction over the claims under the North Carolina's Tort Claims Act under 28 U.S.C. § 1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversary under Article III of the United States Constitution.

12. Venue is proper in this judicial District under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant maintains offices in this District, conducts business in this District, and a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District, the alleged unlawful employment practices were committed here, and employment records relevant to those practices are maintained and administered here.

13. The Middle District of North Carolina has personal jurisdiction over Defendant because it maintains offices in this District, does business in North Carolina in this District, and because the acts complained of and giving rise to the claims alleged herein occurred in North Carolina and in this District.

14. Ms. Fehling has exhausted her administrative remedies and complied with all statutory prerequisites to her Title VII claims.

15. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 16 2020.

16. The EEOC issued a Notice of Right to Sue dated April 19, 2021.

17. Plaintiff commenced this action within 90 days of receipt of the Notice of Right to Sue.

**FACTUAL ALLEGATIONS**

18. PRI initially hired the Plaintiff in March 2018.

19. Soon after in January 2019, Ms. Fehling was promoted to the Director of Floral and Event Services in Defendant's Asheville, North Carolina office located at the Omni Park Grove Inn.

20. Ms. Fehling spent her entire professional life creating a reputation for honesty and integrity which was essential to her success as the Director of Floral and Event Services for Defendant.

21. Plaintiff became pregnant after she was promoted in January 2019 and she continued to work full time.

22. Throughout Ms. Fehling's pregnancy, she was able to perform all essential duties and responsibilities of her employment.

23. On or about February 2019, Ms. Fehling informed the Defendant of her pregnancy as soon as practicable and Defendant willfully refused to begin the process of her request for FMLA leave until June 2019.

24. . Upon informing of her pregnancy, Ms. Fehling was told by the Defendant, "most moms come back to work [at PRI] two weeks after giving birth."

4

25. Ms. Fehling, however requested the twelve (12) weeks she was entitled to and as permitted by law.

26. When she initially requested her maternity leave from the Defendant, she asked them to provide documents to complete her FMLA leave request to cover her maternity leave.

27. Upon information and belief, PRI provided erroneous forms to delay approval of her FMLA leave.

28. When Plaintiff finally received the correct documentation, Plaintiff submitted her request and at it was denied on June 21, 2019. After resubmitting the documentation a second time, Defendant finally approved her request on July 17, 2019 only a few weeks prior to her giving birth.

29. On October 22, 2019, approximately two weeks before Ms. Fehling's anticipated return to work from maternity leave, she notified PRI that she was experiencing a medical condition with her back related to childbirth and her medical provider recommended a temporary accommodation for her condition.

30. This condition made it difficult for Plaintiff to stand for ling periods of time, but she was able to perform all the essential functions of her job if she was able to sit periodically when needed and work remotely on tasks when it was possible to do so.

31. Plaintiff's medical provider submitted documentation including alternatives to either a work part-time schedule or work full-time with the ability to work from home 50% of the time for approximately 3-6 months.

32. Up until the events in question, Ms. Fehling never had a complaint levied against, nor had she received a negative performance review from the Defendant.

33. In fact, the Defendant commended her for her work, and noted that when she was on leave, her Department did not function as well as when she was there.

34. Ms. Fehling intended to return to work full-time, on site, as soon as her medical condition improve, the reasonable accommodation she requested based on her physician's recommendation was temporary, would allow her to perform all the essential functions of her job and Plaintiff communicated that to her supervisors.

35. Plaintiff also offered to work on-site when the Defendant advised her that they would not allow her to work from home at all, if she was able to sit as needed when her medicial condition required her to do so and perform her work on site.

36. The Defendant refused to consider any other alternatives or engage in a discussion with Plaintiff to come up with a reasonable accommodation that would allow her to return to work once her medical leave ended.

37. Instead, the Defendant insisted that the Plaintiff had to return to work full time without any "restrictions or accommodations," as the Defendant's CEO, Randall Goodwin specifically stated in an email to the Plaintiff on November 21, 2021:

> Again, once you are able to work full-time without restrictions or accommodations we will consider you for re-hire for any available positions.
> The doctors note says you require restrictions and accommodations.

38. Upon information and belief, other similarly-situated employees were treated differently and allowed to work partly from home, even without any disability requiring a reasonable accommodation.

39. In early November 2019, PRI unexpectedly and without basis, denied Ms. Fehling's request for short term reasonable accommodation.

6

40. Immediately thereafter, Ms. Fehling complained about the denial of reasonable accommodations and requested that Mr. Goodwin reconsider.

41. Mr. Godwin summarily denied her request for a reasonable accommodation with no further explanation.

42. The Defendant formally terminated the Plaintiff's employment at PRI on November 18, 2019 simply because she could not immediately return to work full time without a reasonable accommodation.

43. Defendant took this adverse employment action agains the Plaintiff as she planned to return to work from a maternity leave the length of which the Defendant initially objected to although Plaintiff was legally entitled to the amount of leave she needed by law.

44. The Defendant specifically objected to any mother's (female) use of more than two weeks leave for pregnancy and expressed that objection to Plaintiff.

45. At no time has PRI been able to point to a single company policy that Ms. Fehling violated that would support her sudden termination, nor was the termination of her employment due to any cause or performance issue.

46. Defendant engaged in discriminatory conduct by failing to engage in the interactive process with the Plaintiff to determine an accommodation that would allow Plaintiff to return to work, as she fully intended, and perform the essential functions of her job.

47. Defendant also rejected Plaintiff's reasonable request for an accommodation, and several reasonable alternatives proposed by Plaintiff which would not have been an undue burden to the company, especially because they would have been in place for only a temporary short period until Plaintiff's medical condition improved and resolved.

48. Despite Ms. Fehling's request for reconsideration of her request for a reasonable accommodation to return to work, Defendant failed to any options, or even acknowledge her claims, which is contrary to Defendant's company policy and a violation of state and federal law.

## COUNT I
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(Sex Discrimination – 42 U.S.C. §2000e(k))

49. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiff is a woman, a protected under the statute.

51. Plaintiff was unfairly treated based on the Defendant's response to and processing of her FMLA leave request (simply because she was a pregnant woman) and upon her attempt to return to work for the Defendant after her the birth of her child and her leave ended.

52. Defendant withheld documentation that the Plaintiff required to apply for FMLA while she was pregnant.

53. Plaintiff was qualified for the position of Director of Floral and Event Services.

54. Plaintiff adequately and satisfactorily performed the essential functions of her position as Director of Floral and Event Services throughout her employment with Defendant.

55.

56. Due to Defendant's unlawful discriminatory adverse employment practices based on gender, Plaintiff incurred substantial damages, in excess of seventy-five thousand dollars ($75,000) and to be more fully determined at trial, plus interests and costs.

## COUNT II
## AMERICANS WITH DISABILITIES ACT OF 1990
### (42 U.S.C. § 12112-12117)

57. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 57 as if fully set forth herein.

58. Plaintiff is in a protected class of individuals with a disability or perceived disability as defined by law.

59. At all relevant times, Plaintiff was an employee of the Defendant.

60. At all relevant times, Plaintiff was able to perform the essential functions of her position with or without reasonable accommodations.

61. Defendant took adverse employment action against the Plaintiff based solely on Plaintiff's disability or perceived disability when she requested a reasonable accommodation that the Defendant summarily refused to grant.

62. Plaintiff was then terminated based on her disability and in retaliation for her request for reasonable accommodation after the Defendant failed to engage in an interactive dialogue with her to determine a reasonable accommodation that would allow her to return to work after her medical leave and perform the essential functions of her position

63. Plaintiff has suffered damages, including, but not limited to lost wages and benefits, as a result of the adverse employment actions described above.

## COUNT III
## RETALIATION

**(42 U.S.C. § 12112-12117 and Title VII)**

64. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 63 as if fully set forth herein.

65. Beginning in or about October 2019 and until the Plaintiff's employment was terminated by the Defendant in November 2021, Plaintiff engaged in protected activities when she raised her complaints of gender and disability discrimination to Defendant, who refused to even consider her request for a reasonable accommodation to return to work after the end of her maternity leave, to which Defendant objected.

66. Defendant failed to give Plaintiff's requests and her complaints about their failure to consider her requests any consideration and instead Defendant took adverse action against the Plaintiff by firing her.

67. Plaintiff had no performance deficiencies or any other reason for the Defendant to terminate her employment except Defendant's objection to her lawful use of maternity leave and her request for a reasonable accommodation so that she could return to work after her leave.

68. Plaintiff suffered significant reputational harm in her small community in Asheville, North Carolina when she was unlawfully terminated from her employment because of her protected activity as described above.

69. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, as a result of the adverse employment actions by the Defendant as described above.

## COUNT IV
**WRONGFUL TERMINATION IN VIOLATION OF**

# THE NORTH CAROLINA EQUAL EMPLOYMENT PRACTICES ACT AND IN VIOLATION OF PUBLIC POLICY
## (N.C. Gen. Stat. § 143-422.1)

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 69 as if fully set forth herein.

71. The public policy of North Carolina, as expressed in N.C. Gen. Stat. § 143-422.2, is to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of sex or disability by employers which regularly employ fifteen (15) or more employees.

72. Defendant regularly employs over fifty (50) employees.

73. The stated public policy recognizes that the practice of denying employment opportunity and discriminating in the terms of employment foments domestic strife and unrest, deprives the State of the fullest utilization of its capacities for advancement and development, substantially and adversely affects the interest of employees, employers, and the public in general.

74. Defendant's acts in denying Ms. Fehling the opportunity to return to work in a position for which she was qualified and terminate her employment on because of her gender, and request for a reasonable accommodation, and terminating her employment in retaliation that request and for her complaints of discrimination, are in violation of the public policy of the State of North Carolina.

75. Plaintiff has suffered damages, including, but not limited to lost wages and benefits in an amount to be more fully determined at trial.

11

## DAMAGES

76. As a result of the discrimination claimed herein, Plaintiff has experienced loss of earnings, loss of fringe benefits, loss of retirement benefits, loss of enjoyment of life, mental anguish and distress, and other damages.

77. Plaintiff has been irrevocably injured by the discrimination acts complained herein. Plaintiff has no other adequate or complete remedy other than this proceeding to have the actions and practices of the Defendant remedied.

78. The actions of the Defendant as described above, were willful, wanton and purposeful such as to entitle Plaintiff to an award of monetary and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an award:

(a) directing Defendant to pay Plaintiff compensatory damages, in an amount that exceeds the jurisdictional minimum of this court, including, but not limited to back pay, front pay and benefits;

(b) directing Defendant to pay Plaintiff punitive damages;

(c) directing Defendant to pay an additional amount to compensate Plaintiff for the emotional distress and reputational damage Defendant's unlawful conduct has caused Plaintiff, an amount that exceeds the jurisdictional minimum of this court;

(d) awarding Plaintiff such interest as is allowed by law;

(e) awarding Plaintiff his reasonable attorneys' fees and costs; and

(f) granting such other and further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff demands trial by jury in this action of all issues so triable.

Dated: July 14, 2021
       Charlotte, North Carolina

    Respectfully submitted,
    LAW OFFICE OF
    CHRISTINE A. RODRIGUEZ

*[signature]*

Christine A. Rodriguez, Esq.
NC Bar No. 54143
15720 Brixham Hill Avenue, Suite 310
Charlotte, North Carolina 28277
Telephone:   (212) 430-6525
Facsimile:   (888) 349-2932
*Attorneys for Plaintiff*