IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00182-MR-WCM

| | |
|---|---|
| MELISSA FEHLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| PRI PRODUCTIONS, INC.; ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on:

1. Defendant's Motion to Compel Discovery Responses from Plaintiff (the "Motion to Compel," Doc. 12).

2. Defendant's Second Motion to Amend Scheduling Order (the "Defendant's Motion to Amend Scheduling Order," Doc. 14).

3. Plaintiff's Motion to Extend Pretrial Order and Case Management Plan Deadlines (the "Plaintiff's Motion to Amend Scheduling Order," Doc. 17).

4. Plaintiff's Consent Motion for Leave to Amend Complaint (the "Motion to Amend Complaint," Doc. 18).

A hearing on these Motions was conducted by video teleconference on May 18, 2022 with Christine Rodriguez appearing for Plaintiff and Murphy Fletcher appearing for Defendant. At the conclusion of the hearing, the undersigned ruled orally on certain motions and took others under advisement.

1

## I. The Motion to Amend Complaint (Doc. 18)

The proposed First Amended Complaint (Doc. 18-1) corrects typographical and other issues in the existing Complaint. During the May 18 hearing, Plaintiff's counsel reviewed the changes and defense counsel confirmed that Defendant has no objection to the filing of Plaintiff's amended pleading. The undersigned therefore granted the Motion to Amend Complaint and directed Plaintiff to file the First Amended Complaint (Doc. 18-1) on or before May 20, 2022.

## II. The Motion to Compel (Doc. 12)

By the Motion to Compel, Defendant seeks an order compelling Plaintiff to respond fully to the following requests for production of documents (the "Requests"):

> No. 15: Any and all medical records for any medical/health care you sought or received (including psychiatric therapy or counseling) from 2016 until the present.
>
> No. 19: Your tax returns for the years 2016 until the present, including but not limited to, any and all schedules, 1098s, 1099s, and W-2s supporting the income reported on such tax returns.
>
> No. 20: Any and all documents and things related to your search for employment following the termination of your employment with Defendant, including but not limited to the submission of any resumes or applications and any and all responses to those submissions.

During the May 18 hearing, Defendant's counsel revised the time frame covered by Request No. 15 to January 1, 2018 until the present. Plaintiff's counsel represented that Plaintiff generally had no objection responding to Request No. 15, as amended, and advised that such production could be completed within thirty (30) days, though counsel also stated that Plaintiff had recently expressed concern regarding the production of her psychiatric or counseling records and may withdraw her request for damages associated with mental anguish and distress. Defense counsel indicated that Defendant would consider further revision of Request No. 15 in the event Plaintiff formally withdraws her request for damages for mental anguish/distress.

With respect to Request No. 19, Plaintiff's counsel advised that Plaintiff had no objection to responding to the Request, that she had produced all responsive documents in her possession and in her tax preparer's possession, and that she had requested additional records from the IRS.

With respect to Request No. 20, Plaintiff's counsel advised that Plaintiff had produced all responsive documents in her possession.

Accordingly, the Motion to Compel was granted in part and denied in part, as stated below.

### III. The Motions to Amend Scheduling Order (Docs. 14, 17)

On November 23, 2021, a Pretrial Order and Case Management Plan ("Pretrial Order") was entered. Doc. 9. Among other things, the Pretrial Order

3

set a deadline of March 25, 2022 for Defendant to designate its expert witnesses. That deadline was later extended to April 25, 2022.

On April 21, 2022, Defendant's Motion to Amend Scheduling Order was filed. Doc. 14. Therein, Defendant requests that its expert designation deadline be extended further. Defendant states this extension is appropriate because, without Plaintiff's complete responses to Defendant's written discovery, discussed above, Defendant cannot determine if retention of an expert is necessary. Id. at 6.

On May 9, 2022, Plaintiff's Motion to Amend Scheduling Order was filed. Doc. 17. Therein, Plaintiff requests that all deadlines in this matter (including the trial setting) be extended. Plaintiff's request is based primarily on delays that have arisen due to health issues Plaintiff's counsel has encountered.

As discussed during the May 18 hearing, the undersigned will not retroactively extend Plaintiff's deadline to make her expert disclosures. Plaintiff's expert designation deadline passed in late February, and Plaintiff did not seek an extension of the deadline prior to filing the instant Motion to Amend Scheduling Order. More practically though, such a request is not ripe since, based on counsel's representations during the hearing, it does not appear that Plaintiff has determined at this time whether she wishes to designate any experts.

With respect to the remaining deadlines, considering the representations in the parties' filings, the discussion with counsel during the May 18 hearing regarding both Plaintiff's counsel's health issues and the discovery each side wishes to conduct in this matter, and the extension of Plaintiff's deadline to respond to Request Nos. 15 and 19, the undersigned will allow the parties some additional time to complete pre-trial preparations, though will preserve the existing trial setting. The undersigned has considered whether longer extensions of the pre-trial deadlines would be appropriate. However, given that the scope of the remaining discovery appears to be fairly limited, the undersigned concludes that the deadlines described below strike an appropriate balance between allowing the parties time to complete discovery, particularly in light of the health concerns of Plaintiff's counsel, and the need to avoid undue delay in the progression of this matter.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Consent Motion for Leave to Amend Complaint (Doc. 18) is **GRANTED**, and Plaintiff is directed to file her First Amended Complaint (Doc. 18-1) on or before **May 20, 2022**.

2. Defendant's Motion to Compel Discovery Responses from Plaintiff (Doc. 12) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. With respect to Request for Production No. 15, as amended during the May 18, 2022 hearing, the Motion is **GRANTED**, and Plaintiff is directed to respond fully to this Request. With respect to Request for Production No. 19, the Motion is **GRANTED**, and Plaintiff is directed to produce any additional responsive documents, including those she may receive from the IRS. The production described herein shall be made by **June 17, 2022**.

   b. With respect to Request for Production No. 20, the Motion is **DENIED AS MOOT**.

   c. Defendant's request for fees and costs is **DENIED WITHOUT PREJUDICE**. Defendant may renew its request in the event Plaintiff fails to respond to Request Nos. 15 and 19 as directed.

3. Plaintiff's Motion to Extend Pretrial Order and Case Management Plan Deadlines (Doc. 17) is **GRANTED IN PART**, and the following deadlines are **EXTENDED**:

   a. Defendant's expert disclosures through and including July 15, 2022.

   b. Discovery through and including August 26, 2022.

   c. Mediation through and including September 2, 2022.

   d. Motions through and including September 9, 2022.

4. Defendant's Second Motion to Amend Scheduling Order (Doc. 14) is **DENIED AS MOOT**.

5. All other provisions of the Pretrial Order and Case Management Plan (Doc. 9), including the January 9, 2023 trial setting, remain in effect.

Signed: May 19, 2022

W. Carleton Metcalf
United States Magistrate Judge