IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:21-cv-00182

| | |
|---|---|
| MELISSA FEHLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT PROTECTIVE** |
| vs. ) | **ORDER** |
| ) | |
| PRI PRODUCTIONS, INC.; ) | |
| ) | |
| Defendant. ) | |

_____

This matter is before the Court on the parties' Joint Motion for Consent Protective Order (Doc. 26). The motion is granted, and the parties' proposed Order is accepted, *except as amended where indicated*.

\*\*\*

## CONSENT PROTECTIVE ORDER AS TO THE PRODUCTION OF CONFIDENTIAL DOCUMENTS

The parties, having consented, hereby respectfully request that the following Protective Order, pursuant to Fed. R. Civ. P. 26(c), be entered upon approval of the Court.

As used herein, the word(s) "document" or "documents" shall be taken to mean (a) all papers, documents, recordings of any kind, and printed materials produced, furnished by, or obtained from PRI Productions, Inc. ("Defendant")

1

and/or Plaintiff through discovery in this action on or after the date this action was filed; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which quote or reference directly the text of any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto, which quote or reference the contents of any such papers, documents, copies, extracts, or summaries.

Further, as used herein, the words "Confidential Documents" shall be taken to mean: (a) all documents containing any trade secrets or proprietary information, including but not limited to documents that contain business information that would place the producing party at a competitive disadvantage should such information be released to a competitor; (b) medical records; (c) personnel and payroll records and files; (d) financial records and data; (e) business records and data; and (f) any other documents specifically designated and clearly marked as "Confidential" by either party.

**IT IS HEREBY ORDERED** that:

1. All Confidential Documents, together with information therein or obtained therefrom, produced by Plaintiff and/or Defendant shall be treated as confidential by all parties to this litigation and shall be used exclusively in connection with this litigation.

2. Failure to designate a document as "Confidential" when it is initially produced shall not constitute a waiver of the right to later so designate it or the information therein, provided that such designation occurs within thirty (30) days after the initial production of the document.

3. No Confidential Documents shall be exhibited, or shown to any person except: (a) named parties and attorneys of record representing named parties in this case; (b) persons employed by such attorneys in the preparation and trial of this case; (c) officers, agents, managers, and employees of Defendant assisting counsel in preparation of the defense of this action; (d) deposition or potential trial witnesses who already know or have a need to know the content of the document; (e) officials of the Court; and (f) any other individuals with prior written consent by both parties or by order of the Court. Any person to whom disclosure is made *pursuant to 3(a), 3(b), 3(c), 3(d), and 3(f) of this paragraph* shall be furnished with a copy of this Protective Order and shall be subject thereto.

4. Deposition testimony may be designated as confidential on the record at the deposition, or by designating specific portions of the transcript confidential within thirty (30) days after receipt of the final transcript by serving a written designation identifying as "Confidential" those portions of the transcript that the Designating Party seeks to protect. During the 30-day period following receipt of the final transcript, the transcript shall be treated as if it were designated

"Confidential" and shall not be disclosed to any person other than as provided in Paragraph 3 above, except that deponents may review their own transcripts. A copy of any written designation under this paragraph shall be provided by the Designating Party to the court reporter, who shall mark the designated portions of the transcript as "Confidential."

5. Any inadvertently produced document about which a claim of work product or attorney/client privilege is asserted will be returned to its rightful owner, without any copies being made or retained, and will be regarded as not having been produced. Nothing contained in this Consent Protective order shall be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing any documents.

6. If a Party (the "Filing Party") seeks to file a Confidential Document so designated by the opposing Party (the "Designating Party"), the Filing Party shall consult with the Designating Party regarding whether the document shall be filed under seal with the Court. If the Designating Party requests that the Confidential Document be filed under seal, then the Filing Party shall file the document under seal with an accompanying Motion to Seal the Confidential Document pursuant to and in accordance with Local Rule 6.1.

7. Should either party object to the confidentiality of any document pursuant to this Order, the objecting party may apply to the Court by motion for a

ruling that the document shall not be so treated, after giving ten (10) days' written notice of such objection to the other party. Until the Court rules upon such a motion regarding the confidentiality of the document, the subject document shall be afforded the confidential treatment provided for in this Order.

8. Plaintiff will be entitled to full access to documents produced to Plaintiff and subject to this Order and all copies thereof for review; except that with respect to documents produced by Defendant that contain personnel or medical information regarding current or former employees of Defendant (other than Plaintiff), at all times Plaintiff's counsel will retain sole possession of such documents, including documents containing information derived therefrom and all copies of such documents.

9. Prior to making disclosures to experts pursuant to Paragraph 3 above, counsel shall inform experts that Confidential Documents (and information therein) shall be used for the purpose of the prosecution or defense of this action only, and counsel for the Parties shall obtain from such persons a written statement that they have read this Order, agree to be bound by its provisions, and shall comply with its terms and conditions. Counsel agree to retain in their possession all of the written statements signed by those persons, thereby keeping record of persons to which disclosures are made. All documents, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

10. The ultimate disposition of documents protected under this Order shall be subject to a final order of the Court upon completion of this litigation. Unless otherwise so ordered, at the conclusion of this litigation, all Confidential Documents as defined above, including all copies thereof, shall be returned to either the party who provided the document or destroyed.

11. This Order is without prejudice to the right of any party to make a modification or amendment of this Order by further order of the Court upon motion and notice.

Signed: July 8, 2022

W. Carleton Metcalf
United States Magistrate Judge